UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD CHILDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:14-cv-401-JMS-WGH |
| ) | |
| JOHN LAYTON, Sheriff, ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Richard Childs is confined in the Marion County Jail awaiting the resolution of criminal charges pending in the Marion Superior Court in No. 49G20-1210-FB0067986. His request to proceed *in forma pauperis* [dkt 2] is **granted.**

Having considered that petition and the supplement thereto, and being duly advised, the court finds that Childs' petition must be denied. This conclusion is based on the following facts and circumstances:

1. Childs is a pretrial detainee. Pre-judgment habeas relief is available under 28 U.S.C. § 2241(c)(3). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979); *Blanck v. Waukesha County,* 48 F.Supp.2d 859, 860 (E.D.Wis. 1999); *see also In re Justices of Superior Court Dep't of Mass. Trial Court,* 218 F.3d 11, 19 (1st Cir. 2000) (holding that federalism concerns required district court to abstain from considering pretrial habeas corpus petition).

2. "While not explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial habeas petitions." *Blanck,* 48 F.Supp.2d at 860. "The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings." *Id.*

3. Childs seeks habeas corpus relief in the form of the dismissal of the pending charge. His claim is that the case has been tainted by prosecutor misconduct occurring at a suppression hearing and relating to asserted discrepancies between the testimony of the arresting officer at that hearing and the same officer's testimony during a deposition and his written statements in the probable cause affidavit signed by him on October 1, 2012.

4. The claim just described can be presented and preserved in the ordinary course of the criminal proceedings, including a direct appeal in the event Childs is convicted. He is not permitted to circumvent the requirement that he exhaust available state court remedies in the circumstances which are present here. His petition for writ of habeas corpus will therefore be denied without prejudice.

Judgment consistent with this Entry shall now issue.

## II.

Childs is detained pursuant to a judicial rather than an executive order. Accordingly, the court must determine whether a certificate of appealability is warranted. *Evans v. Circuit Court of Cook County,* 569 F.3d 665, 666 (7th Cir. 2009).

Pursuant to Federal Rule of Appellate Procedure 22(b), the discussion in *Evans*, and 28 U.S.C. § 2253(c)(1)(A), the court finds that Childs has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529

U.S. 473, 484 (2000). As in *Evans,* the petitioner "certainly has not made a substantial showing of a need for federal intervention before all of his claims have been presented to the state judiciary and pursued through the usual appellate process after a final decision." *Evans,* 569 F.3d at 667 (citing cases). The court therefore **denies** a certificate of appealability.

    IT IS SO ORDERED.

Date: January 6, 2015

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Richard Childs
Marion County Jail
Inmate Mail/Parcels
40 South Alabama Street
Indianapolis, IN 46204